2005 OK CIV APP 94

In the Matter of the **PROTEST OF FREYMILLER, INC.** to the Audits and Registration Fee Assessments Under the International Registration Plan for the 2002 and 2003 License Years.

**Freymiller, Inc., Appellant,**

v.

**State of Oklahoma, ex rel. Oklahoma Tax Commission, Appellee.**

**No. 101,691.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 19, 2005.

Certiorari Denied Nov. 21, 2005.

William P. Parker, William P. Parker, P.C., Oklahoma City, OK, and H.N. Cunningham, III, Roberts, Cunningham & Stripling, L.L.P., Dallas, TX, for Appellant.

Douglas B. Allen, General Counsel, Marjorie L. Welch, First Deputy General Counsel, Oklahoma Tax Commission, Oklahoma City, OK, for Appellee.

Opinion by CAROL M. HANSEN, Judge.

¶ 1 Appellant, Freymiller, Inc. (Protestant), seeks review of an order of Appellee, State of Oklahoma ex rel. Oklahoma Tax Commission (Commission), denying its protest of the assessment of registration fees for its trucking fleet based on the fleet's actual mileage during its previous operation by a related company rather than based on the estimated mileage allowed to a new operator. We affirm because the Commission's ruling that Protestant was a new corporation but not a new operation is supported by substantial evidence and is not contrary to law.

¶ 2 As authorized by 47 O.S.Supp.2004 § 1120, the State of Oklahoma is a participant in the International Registration Plan (IRP), an interstate and international compact for the registration of commercial motor vehicles. Under the IRP, the operator of a fleet of commercial motor vehicles registers the fleet only in the operator's base jurisdiction, and the base jurisdiction then apportions and distributes the fees paid by the registrant to the jurisdictions for which the registrant has requested and received authority to travel. Until July 1, 2004, the Tax Commission exercised the State's powers and duties under the IRP. The Legislature transferred that authority to the Corporation Commission in a phased-in transition to take place between July 1, 2004, and July 1, 2005. Laws 2004, c. 522, § 1(B).

¶ 3 In December 2001, Protestant submitted an application through a tag agency for IRP registration for the period January 1, 2002 through June 30, 2002, and paid fees based on the estimated mileage of proposed routes. After Commission's Motor Vehicle Division received the application, it concluded Protestant's fleet was the same as that previously registered by D & M Carriers, Inc. (D & M), and assessed additional fees of $93,423.89 based on the difference between the estimated mileage and D & M's reported actual mileage. Protestant protested the adjustment.

¶ 4 When Protestant sought to register for the period July 1, 2002, through June 30, 2003, the division rejected Protestant's estimated mileage and required Protestant to submit its actual mileage for the first two quarters of 2002. Protestant paid fees of $250,379.66 under protest and requested a hearing.

¶ 5 After a hearing on both protested assessments, an administrative law judge (ALJ) denied Protestant's protest, finding the operations of Protestant and D & M were one and the same and therefore Protestant was not a new operation, although it was a new corporation and a new applicant. The ALJ found the motor vehicle division properly adjusted the registration fees based on D & M's actual mileage and properly required Protestant to report actual miles on its 2003 renewal application. Commission adopted the ALJ's Findings of Fact, Conclusions of Law, and Recommendations as its final order. Protestant appeals pursuant to 68 O.S.Supp.2002 § 225.

■ ¶ 6 In a protest hearing before the Tax Commission, the protestant bears the burden of proving it is entitled to the relief requested. *Enterprise Management Consultants, Inc. v. State ex rel. Oklahoma Tax Com'n*, 1988 OK 91, 768 P.2d 359, 362 n. 11. In reviewing an order of the Tax Commission, we will examine the entire record to determine whether the findings and conclusions set forth in the order are supported by substantial evidence. We will affirm the order if it is supported by substantial evidence and is otherwise free of error. *Samson Hydrocarbons Co. v. Oklahoma Tax Com'n*, 1998 OK 82, 976 P.2d 532, 535.

¶ 7 Protestant contends Commission erred in adopting the ALJ's recommendations be-

cause OAC 710:60–4–15[1] (Rule 15) requires new applicants to use estimated miles in applying for IRP registration. It argues Rule 15 controls over any section of the IRP that is inconsistent with the rule because the rule is more particular than provisions of the IRP and the IRP provisions have not been promulgated as rules.

■ ¶8 In promulgating rules to implement IRP registration, Commission incorporated by reference Articles I through XXIII of the IRP and the IRP Audit Procedures Manual. OAC 165:30–19–20(b) (Rule 20). Protestant contends these sections of the IRP and the Audit Procedures Manual are not properly promulgated as rules pursuant to the Administrative Procedures Act (APA), 75 O.S.2001 § 250 et seq., because they have not been filed and published and are not readily available to the public. Section 251(D) of the APA allows agencies to incorporate other standards or rules by reference, without filing and publishing the full text of the incorporated material:

> In order to avoid unnecessary expense, an agency may use the published standards established by organizations and technical societies of recognized national standing, other state agencies, or federal agencies by incorporating the standards or rules in its rules or regulations by reference to the specific issue or issues of publications in which the standards are published, without reproducing the standards in full. The standards shall be readily available to the public for examination at the administrative offices of the agency. In addition, a copy of such standards shall be kept and maintained by the agency pursuant to the provisions of the Preservation of Essential Records Act.

Protestant cites the testimony of Commission's representative as establishing that the materials are not readily available to the public for examination at Commission's office. The representative did not so testify. He agreed the IRP organization exercised a copyright over the IRP and therefore Commission could not distribute it to the public. He did not testify the public could not examine Commission's copy of the IRP at Commission's office. Protestant has failed to show Rule 20 improperly incorporated the IRP by reference.

¶9 Rule 15 provides in part,

(a) If an applicant for proportional registration operated for ninety (90) or more days during the mileage reporting period of the preceding year, actual operated miles must be filed. For those jurisdictions where there is no mileage to report, but for which proration is desired, estimated miles must be filed.

(b) If an applicant for proportional registration is new, or the applicant did not operate for ninety (90) days or more during the reporting period, estimated miles must be filed for all jurisdictions for which proration is sought.

This rule addresses whether the applicant had prior operations in determining whether the applicant must file actual or estimated miles. It is consistent with Article VIII of the IRP, covering "New Operations." The introductory comments to Article VIII state, "This Article authorizes the registrant to estimate anticipated mileage for the upcoming license year if no mileage history exists because 'new operations' are contemplated." The Oklahoma Administrative Code defines "new operation" as "a vehicle or fleet of vehicles not previously registered pursuant to the provisions of the IRP. [It] does not include an existing fleet that is expanding the number of vehicles or area of operation." OAC 165:30–19–2. Therefore, an applicant may not use estimated mileage unless it is registering a fleet not previously registered under the IRP.

■ ¶10 Commission's finding that Protestant was not a new operation is supported by substantial evidence. The parties stipulated substantially all of the vehicles registered by Protestant were previously in D & M's fleet. They also stipulated there was substantial overlap among the officers, directors, and owners of both entities, and the two entities share the same facility. Protes-

---

1. Now codified at OAC 165:30–19–15 as a result of the transfer of the Tax Commission's rules regarding IRP registration to the Corporation Commission.

tant's attorney, William Parker, testified regarding the owners' intent in forming Protestant:

> We ... talked about the concept of conducting—of shielding the company's assets from potential claims from the over-the-road operation of the vehicles.... And that was, having two companies, only one of which was engaged in whatever operations were conducted.

> The one company becomes a broker of transportation under a broker's license. A broker, as you know, is not liable for claims of third parties against motor carriers hired by the broker or arranged by the broker, with some exceptions, so long as the broker uses authorized, certificated motor carriers. A broker is not liable for the cargo claims asserted by shippers. Those types of claims, under our system are asserted against the operating entity.

Parker testified the owners, based on his advice, formed Protestant to conduct operations, and changed D & M to a brokerage of trucking services. He said Protestant started business on January 1, 2002, as the operating company, and the D & M fleet "went under the direction and control of the operating company." This evidence establishes Protestant was not a new operation, but was part of a continuing operation which was divided into two companies as a strategy for managing liability risks. Accordingly, Commission properly adjusted the registration fees based on D & M's actual mileage and properly required Protestant to report actual mileage on its renewal application.

¶ 11 For the foregoing reasons, Commission's order is AFFIRMED. Protestant's motion for oral argument is denied.

JOPLIN, P.J., concurs.

KENNETH L. BUETTNER, Chief Judge, dissenting:

¶ 12 In accordance with Oklahoma Tax Commission Rule, OAC 710: 60–4–15, Protestant was a new applicant and was required to estimate mileage. The majority affirms a holding by the ALJ and the Tax Commission that it was proper to attribute a prior applicant/operator's actual miles to a new appli-

cant. Neither the Tax Commission nor this Court is free to change the rule simply because, in this case, actual mileage results in higher fees than estimated mileage. This could be the result of all new applicants, where the incentive is to estimate low. If the Tax Commission was concerned with estimates being too low, it presumably could have issued a rule that called for revision (or adjusted as the ALJ stated) of estimates during the first year of a new applicant's operations based upon actual mileage driven. The rule does not provide for such a result. Taxpayers, like other citizens, are entitled to order their activities in accordance with existing law without fear of retroactive changes. I respectfully dissent.